The opinion of the court was delivered by
DeBlanc, J.
The defendant was tried for, and convicted of the offence of having “ wilfully, illegally and feloniously shot, killed and attempted to carry away, with intent to steal, take, carry away and convert to his own use, a hog worth the sum of ten dollars — the property of W. T. Woodward — against his will, consent and knowledge, to his pecuniary loss and damage, contrary to the form of the statutes of the State of Louisiana in such cases made and provided, and against thd peace and dignity of the same.”
After trial and conviction, he was sentenced to imprisonment at hard labor, in the State Penitentiary, for the term of twelve months. He appealed, and relies on a motion which he made in arrest of judgment, and in which he charges that the information filed against him is not in legal form, and not sufficient to sustain the verdict.
The record shows that — in the lower court — the district attorney asked and obtained leave to file a bill of information, charging the accused with larceny — that, having been convicted of the crime of larceny, he was sentenced to imprisonment at hard labor for the term of twelve months.
These recitals and the nature of the penalty inflicted, leave no doubt that the district attorney, the judge and the jury were under the impression that the prisoner had been informed against, and — under that impression — -he was tried, convicted and sentenced for the crime of larceny, which it may have been his intention to commit, but which— according to the averments of the bill of information — he did not carry into effect.
It is true that — if on the trial of any one for a crime and misdemeanor — it shall appear to the jury that he did not complete the offence charged, but that he was guilty only of an attempt to commit the same, he may be accordingly convicted and punished. This — however—-refers to exclusively those crimes and misdemeanors, the partly executed attempt to commit which is itself a crime. Eor instance, if — upon the trial of any person upon an indictment for robbery, it shall appear to the jury upon the evidence, that the accused did not commit the crime of robbery, but that he did commit an assault with intent to rob, the jury shall be at liberty to so return as their verdict, etc.
Rev. St. 1053, 1054
In this case, the offence charged in the bill of information is that described in section 815 of the Revised Statutes, which is punishable by fine not exceeding two hundred dollars, or imprisonment not exceeding six months, and the prisoner was tried, convicted and sentenced for a *637 distinct offence, one which he may have intended to, but did not commit, one — the commission of which is not charged against him.
It matters not that the prisoner’s objection to the proceedings was made after his trial and conviction: he stands convicted of and sentenced for a crime which is not charged against him, and — so far as we are informed by the transcript — does not appear to have been even tried for the real offence charged. The prisoner’s objection to that irregularity, could not have been urged by demurrer or in a motion to quash —and, be this as it may — we can certainly not affirm a sentence which is not responsive to, and is not justified by the charge.
It is — therefore—ordered, adjudged and decreed that the verdict and sentence appealed from are annulled, avoided and reversed, and this case remanded to the lower court, there to be proceeded with under the same bill of information, but according to the views herein expressed and according to law. •